**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAY 15 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50205 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01510-GW-1 |
| v. | |
| YOO TAIK KIM, AKA Walter Goldman Kim, AKA Yoo Taek Kim, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted May 9, 2013[**]
Pasadena, California

Before: O'SCANNLAIN, PAEZ, and IKUTA, Circuit Judges.

Yoo Taik Kim was convicted in a jury trial of seven counts of fraud and false statements on immigration documents. He appeals his conviction on the grounds that the government's evidence was insufficient. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Viewed in the light most favorable to the government, there was sufficient evidence for any rational trier of fact to find that Kim knowingly and deliberately made a false statement or caused a false statement to be made on the I-129 visa renewal form, in violation of 18 U.S.C. § 1546(a) and § 1001 (Counts 1 and 2). *See United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc). Given the evidence that Trans Bay told Kim it would renew the visas of no more than nine workers, the jury could have reasonably concluded that Kim knowingly misrepresented that Trans Bay had authorized the renewal of visas for twenty-five workers.

Likewise, there was sufficient evidence for any rational trier of fact to conclude that Kim made false statements on his naturalization application in violation of 18 U.S.C. § 1546(a) and § 1001 (Counts 3, 5, 6, and 7). First, there was sufficient evidence that Kim knowingly concealed his employment history on the application by failing to list his employment with Hi-Cap Enterprises. Second, there was sufficient evidence that Kim was required to file both personal and corporate taxes during the relevant period and that he knowingly misstated on the application that he had filed all required taxes. Finally, there was sufficient evidence that Kim falsely stated on the application that he had never committed a crime for which he had not been arrested. A rational jury could believe that Kim

2

knew he had made false statements on the I-129 visa renewal form and knew that such false statements were unlawful. Given Sheila Norman's testimony regarding her standard procedure in interviewing naturalization applicants, a reasonable juror could conclude that Kim made the false statements attributed to him. *United States v. Puerta*, 982 F.2d 1297, 1301 n.2 (9th Cir. 1992). A rational trier of fact could have concluded that these misstatements were material in light of testimony by immigration officials that an applicant's history of false statements regarding employment history and evidence of tax problems are capable of affecting the outcome of a naturalization application.

Finally, because an immigration officer testified that an applicant for naturalization who had previously lied to immigration officers would likely be denied naturalization, a reasonable juror could have concluded that the evidence satisfied the heightened materiality standard required for Kim's conviction under 18 U.S.C. § 1425 (Count 4). *See United States v. Alferahin*, 433 F.3d 1148, 1154–55 (9th Cir. 2006).

**AFFIRMED.**